# Supreme Court of Texas

No. 20-0811

University of Texas at Austin President Jay Hartzell, et al.,

*Petitioners,*

v.

S.O.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

*~ consolidated for oral argument with ~*

No. 20-0812

Texas State University President Denise M. Trauth, et al.,

*Petitioners,*

v.

K.E.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE BOYD, concurring.

The dissenting opinion correctly observes that two questions are "essential to a proper understanding of the issue" these cases present: "First, what is a college degree? And second, what does it mean to revoke a degree?" *Post* at ___. The dissenting opinion also correctly answers the first question: a college degree is "in some ways property," it is "intangible property held by the graduate as the fruit of a bilateral transaction with the university," and it "change[s] hands" when it is conferred, and thereafter belongs to one who receives it. *Post* at ___.

But the proper resolution of these ultra-vires claims ultimately depends on the second question. The Court's majority and dissenting opinions appear to disagree over what it means to "revoke" a degree, probably because "revoke" could refer to many different actions a university could take. *See Revoke*, Black's Law Dictionary (11th ed. 2019) (defining "revoke" to mean to "annul or make void by taking back or recalling," to "cancel, rescind, repeal, or reverse," or to "recant"). To resolve these claims, however, we need not explore all the possible meanings of "revoke." Instead, we need only consider what the universities actually did or expressed an intent to do and decide whether they had the authority to do it. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (explaining that an ultra-vires claim must "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act").

In S.O.'s case, we know only that the University of Texas informed S.O. that it intended to hold a disciplinary hearing to decide whether she had violated university rules and that S.O. filed this suit in response

2

seeking a declaration that the university lacks authority to "revoke" her degree. We don't know what the university would have done (or would have asserted the right to do) if it had concluded that S.O. violated university rules or decided to "revoke" her degree. We do know the answer to that question in K.E.'s case: after the Texas State University board ordered its president to "revoke" K.E.'s degree, the president took three discrete actions: (1) she placed a notation on K.E.'s transcript that the University had revoked her degree; (2) she requested that K.E. no longer represent that she holds the degree; and (3) she requested that K.E. return her diploma.

Whatever it may mean to "revoke" a degree, the universities possess authority to take the three actions Texas State took in K.E.'s case. Even the dissenting Justices agree that the universities possess unilateral authority "to add a notation to a student's file or transcript— documents within the university's control—indicating a finding of fraud or deceit in the achievement of the degree." *Post* at ___ n.3. And no one disputes that the universities have authority to *request* that K.E. return her diploma and no longer represent that she holds the degree. What they likely do not possess is unilateral authority to physically *take* her diploma or *force* her to stop making such representations.

Perhaps the university could ask a court to order K.E. to comply with the University's requests, perhaps K.E. could ask a court to order the university to set aside any finding of a disciplinary violation, or perhaps K.E. could ask a court to declare that the university's placement of a notation in her file declaring her degree void has no legal effect. Or

perhaps sovereign immunity or another defense would bar one or more of those claims.

In their current posture, however, these cases don't present those issues. *See Post* at ___ n.3. For present purposes, we need only decide whether the universities acted ultra vires by scheduling a disciplinary hearing to decide whether S.O. violated university rules, noting on K.E.'s transcript that her degree had been revoked, and requesting that K.E. return her diploma and no longer represent that she holds the degree. Because the universities had authority to take those actions, I agree with the Court that S.O. and K.E. have failed to allege valid ultra-vires claims.

Jeffrey S. Boyd
Justice

**OPINION FILED:** March 31, 2023